AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO. 3:08-cv-2036-CRB |
| *This document relates to* | |
| JUNEDALE PALACAT, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and DOES 1 through 100, | |
| Defendants. | |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                                    **I.**

6                                  **PRELIMINARY STATEMENT**

7         The Complaint does not state in sufficient detail when Plaintiffs and Decedent were

8    prescribed or used Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib)

9    ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek

10   leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs

11   and Decedent were prescribed and used Bextra® and Celebrex®.

12                                                   **II.**

13                                             **ANSWER**

14       Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16   that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

18   the United States to be prescribed by healthcare providers who are by law authorized to

19   prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during

20   certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

21   which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

22   United States to be prescribed by healthcare providers who are by law authorized to prescribe

23   drugs in accordance with their approval by the FDA. Defendants state that Bextra® and

24   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25   prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

26   were and are adequately described in their FDA-approved prescribing information, which was

27   at all times adequate and comported with applicable standards of care and law. Defendants

28   deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

2    this paragraph of the Complaint.

3    5.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiffs'

5    used Celebrex®, and, therefore, deny the same.    Defendants deny that Celebrex® caused

6    Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the

7    Complaint.

8    6.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

10   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.    Defendants

11   are without knowledge or information sufficient to form a belief as to the truth of the

12   allegations in this paragraph of the Complaint regarding and whether Decedent used

13   Celebrex®, and, therefore, deny the same.    Defendants deny that Celebrex® caused Plaintiff or

14   Decedent injury or damage and deny the remaining allegations in this paragraph of the

15   Complaint.

16   7.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs are the

18   heirs of Decedent, and, therefore, deny the same.    Defendants are without knowledge or

19   information sufficient to form a belief as to the truth of the allegations in this paragraph of the

20   Complaint regarding and whether Decedent used Bextra® and Celebrex®, and, therefore, deny

21   the same.    Defendants deny that Bextra® and Celebrex® caused Plaintiffs or Decedent injury or

22   damage and deny the remaining allegations in this paragraph of the Complaint.

23   8.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

24   business in New York.    Defendants admit that, as the result of a merger in April 2003,

25   Pharmacia became a subsidiary of Pfizer.    Defendants state that the allegations in this paragraph

26   of the Complaint regarding "predecessors in interest" are vague and ambiguous.    Defendants

27   are without knowledge or information sufficient to form a belief as to the truth of such

28   allegations, and, therefore, deny the same.    Defendants admit that, during certain periods of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United States, including

2    California, to be prescribed by healthcare providers who are by law authorized to prescribe

3    drugs in accordance with their approval by the FDA.    Defendants deny the remaining

4    allegations in this paragraph of the Complaint.

5    9.    Defendants admit that Searle is a Delaware limited liability company with its principal

6    place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

7    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

8    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

9    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

10   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

11   providers who are by law authorized to prescribe drugs in accordance with their approval by the

12   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13   10.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

14   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

15   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

16   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

17   Bextra® and Celebrex® in the United States, including Hawaii, West Virginia, and California,

18   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

20   paragraph of the Complaint.

21   11.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

23   providers who are by law authorized to prescribe drugs in accordance with their approval by the

24   FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

25   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

26   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

27   providers who are by law authorized to prescribe drugs in accordance with their approval by the

28   FDA.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants deny

2  the remaining allegations in this paragraph of the Complaint.

3  12.    Defendants state that the allegations in this paragraph of the Complaint are not directed

4  towards Defendants and, therefore, no response is required.  To the extent that a response is

5  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

6  allegations in this paragraph of the Complaint.  Defendants lack knowledge or information

7  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

8  13.    Defendants state that this paragraph of the Complaint contains legal contentions to

9  which no response is required.  To the extent that a response is deemed required, Defendants

10  state that the allegations in this paragraph of the Complaint are not directed towards Defendants

11  and, therefore, no response is required.

12  14.    Defendants state that the allegations in this paragraph of the Complaint are not directed

13  towards Defendants and, therefore, no response is required.  To the extent that a response is

14  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

15  allegations in this paragraph of the Complaint.  Defendants lack knowledge or information

16  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

17  15.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

19  providers who are by law authorized to prescribe drugs in accordance with their approval by the

20  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

21  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

22  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

23  providers who are by law authorized to prescribe drugs in accordance with their approval by the

24  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

25  in accordance with their FDA-approved prescribing information.  Defendants state that the

26  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

1    remaining allegations in this paragraph of the Complaint.

2    16.    Defendants state that the allegations in this paragraph of the Complaint regarding

3    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

4    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

5    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6    <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

7    17.    Defendants are without knowledge or information to form a belief as to the truth of the

8    allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

9    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

10   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

11   interests and costs.

12   18.    Defendants are without knowledge or information to form a belief as to the truth of the

13   allegations in this paragraph of the Complaint regarding the judicial district in which the

14   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra®

15   and Celebrex® were and are safe and effective when used in accordance with their FDA-

16   approved prescribing information.  Defendants deny committing a tort in the States of Hawaii,

17   West Virginia, or California and deny the remaining allegations in this paragraph of the

18   Complaint.

19   19.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Bextra® and Celebrex® in the United States, including California, to be

21   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22   with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

23   and Celebrex® were manufactured  and packaged for Searle, which developed, tested,

24   marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be

25   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

26   with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are

27   registered to and do business in the State of California.  Defendants state that the allegations in

28   this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Defendants are without knowledge or information sufficient to form a belief as to the truth of

2    such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the

3    States of Hawaii, West Virginia,  and California, and deny the remaining allegations in this

4    paragraph of the Complaint.

5    **Response to Allegations Regarding Interdistrict Assignment**

6    20.    Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendants

8    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

9    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

10   Panel on Multidistrict Litigation on September 6, 2005.

11   **Response to Factual Allegations**

12   21.    Defendants state that Celebrex® is a prescription medication which is approved by the

13   FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2)

14   for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of

15   acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

16   adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

17   care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

18   spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

19   patients two years of age and older. Defendants admit, as indicated in the package insert

20   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

21   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

22   dysmenorrhea.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia

23   marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by

24   healthcare providers who are by law authorized to prescribe drugs in accordance with their

25   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and

26   Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed,

27   co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by

28   healthcare providers who are by law authorized to prescribe drugs in accordance with their

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   approval by the FDA.  Defendants state that Bextra® and Celebrex® were and are safe and

2   effective when used in accordance with their FDA-approved prescribing information.

3   Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately

4   described in their FDA-approved prescribing information, which was at all times adequate and

5   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

6   and deny the remaining allegations in this paragraph of the Complaint.

7   22.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

9   providers who are by law authorized to prescribe drugs in accordance with their approval by the

10  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

11  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

12  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

13  providers who are by law authorized to prescribe drugs in accordance with their approval by the

14  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

15  in accordance with their FDA-approved prescribing information.  Defendants state that the

16  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  23.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

21  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

22  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiffs fail to

23  provide the proper context for the remaining allegations in this paragraph of the Complaint.

24  Defendants lack knowledge or information sufficient to form a belief as to the truth of such

25  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  24.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced FDA Updates speak for themselves and respectfully refer the Court to the FDA Updates for their actual language and text. Any attempt to characterize the FDA Updates is denied. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  applicable standards of care and law.  Defendants deny the remaining allegations in this
2  paragraph of the Complaint.

3  33.    Defendants state that Celebrex® was and is safe and effective when used in accordance
4  with its FDA-approved prescribing information.  Defendants state that the potential effects of
5  Celebrex® were and are adequately described in its FDA-approved prescribing information,
6  which was at all times adequate and comported with applicable standards of care and law.
7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
8  the Complaint.

9  34.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA
10  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to
11  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,
12  2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself
13  and respectfully refer the Court to the study for its actual language and text.  Any attempt to
14  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of
15  the Complaint.

16  35.    Defendants state that the referenced article speaks for itself and respectfully refer the
17  Court to the article for its actual language and text.  Any attempt to characterize the article is
18  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  36.    Defendants state that the referenced study speaks for itself and respectfully refer the
20  Court to the study for its actual language and text.  Any attempt to characterize the study is
21  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this
22  paragraph of the Complaint.

23  37.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer
24  the Court to the Medical Officer Review for its actual language and text.  Any attempt to
25  characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and
26  deny the remaining allegations in this paragraph of the Complaint.

27  38.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee
28  hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants deny the allegations in this paragraph of the Complaint.

51.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    53.    Defendants state that the referenced Medical Officer Review speaks for itself and

4    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

5    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    54.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

8    the proper context for the allegations concerning "other Celebrex trials" contained in this

9    paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a

10   belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in

11   this paragraph of the Complaint regarding the PreSAP study, Defendants state that the

12   referenced study speaks for itself and respectfully refer the Court to the study for its actual

13   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

14   remaining allegations in this paragraph of the Complaint.

15   55.    Defendants state that the referenced article speaks for itself and respectfully refer the

16   Court to the article for its actual language and text.  Any attempt to characterize the article is

17   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   56.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

19   Complaint regarding Merck and Vioxx®.  Defendants lack knowledge or information sufficient

20   to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants

21   state that the referenced studies speak for themselves and respectfully refer the Court to the

22   studies for their actual language and text.  Any attempt to characterize the studies is denied.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   57.    Defendants state that the referenced Medical Officer Review speaks for itself and

25   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

26   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

27   allegations in this paragraph of the Complaint.

28   58.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  used in accordance with their FDA-approved prescribing information.  Defendants deny the

2  allegations in this paragraph of the Complaint.

3  62.    Defendants state that the referenced article speaks for itself and respectfully refer the

4  Court to the article for its actual language and text.  Any attempt to characterize the article is

5  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  63.    Defendants state that allegations in this paragraph of the Complaint are not directed

7  toward Defendants, and therefore no response is required.  To the extent that a response is

8  deemed required, Defendants state that the referenced article speaks for itself and respectfully

9  refer the Court to the article for its actual language and text.  Any attempt to characterize the

10  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

16  paragraph of the Complaint.

17  65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

22  paragraph of the Complaint.

23  66.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    67.    Defendants deny any wrongful conduct and deny the remaining allegations contained in

2    this paragraph of the Complaint.

3    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

8    paragraph of the Complaint.

9    69.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

12   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

13   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

14   were and are adequately described in their FDA-approved prescribing information, which was

15   at all times adequate and comported with applicable standards of care and law.  Defendants

16   deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

17   and deny the remaining allegations in this paragraph of the Complaint.

18   70.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

19   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

20   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

21   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

22   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

23   of the Complaint.

24   71.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

25   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

26   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

27   Defendants deny the remaining allegations in this paragraph of the Complaint.

28   72.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Court to the article for its actual language and text. Any attempt to characterize the article is

2    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

3    73.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

4    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

5    the letter for its actual language and text. Any attempt to characterize the letter is denied.

6    Defendants deny the remaining allegations in this paragraph of the Complaint.

7    74.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

9    providers who are by law authorized to prescribe drugs in accordance with their approval by the

10   FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

11   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

12   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

13   providers who are by law authorized to prescribe drugs in accordance with their approval by the

14   FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used

15   in accordance with their FDA-approved prescribing information. Defendants state that the

16   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law. Defendants deny the remaining allegations in this

19   paragraph of the Complaint.

20   75.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

21   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

22   providers who are by law authorized to prescribe drugs in accordance with their approval by the

23   FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

24   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

25   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

26   providers who are by law authorized to prescribe drugs in accordance with their approval by the

27   FDA. Defendants state that Celebrex® is a prescription medication which is approved by the

28   FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2)

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of

2  acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

3  adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

4  care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

5  spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

6  patients two years of age and older.  Defendants admit, as indicated in the package insert

7  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

8  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

9  dysmenorrhea.  Defendants state that Bextra® and Celebrex® were and are safe and effective

10  when used in accordance with their FDA-approved prescribing information.  Defendants state

11  that the potential effects of Bextra® and Celebrex® were and are adequately described in their

12  FDA-approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14  remaining allegations in this paragraph of the Complaint.

15  76.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16  used in accordance with their FDA-approved prescribing information.  Defendants state that the

17  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18  approved prescribing information, which at all times was adequate and comported with

19  applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding

20  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

21  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

23  deny the allegations in this paragraph of the Complaint.

24  77.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

26  providers who are by law authorized to prescribe drugs in accordance with their approval by the

27  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

28  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

1    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

2    providers who are by law authorized to prescribe drugs in accordance with their approval by the

3    FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

4    in accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    78.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

11   providers who are by law authorized to prescribe drugs in accordance with their approval by the

12   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

13   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

14   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

15   providers who are by law authorized to prescribe drugs in accordance with their approval by the

16   FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

17   in accordance with their FDA-approved prescribing information.  Defendants state that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which at all times was adequate and comported with

20   applicable standards of care and law.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   79.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

23   used in accordance with their FDA-approved prescribing information.  Defendants state that the

24   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   80.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    used in accordance with their FDA-approved prescribing information.  Defendants state that the

2    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

5    remaining allegations in this paragraph of the Complaint.

6    81.    Defendants deny the allegations in this paragraph of the Complaint.

7    82.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

8    used in accordance with their FDA-approved prescribing information.  Defendants state that the

9    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12   remaining allegations in this paragraph of the Complaint.

13   83.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

16   and is safe and effective when used in accordance with its FDA-approved prescribing

17   information.  Defendants state that the potential effects of Celebrex® were and are adequately

18   described in its FDA-approved prescribing information, which was at all times adequate and

19   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

20   and deny the remaining allegations in this paragraph of the Complaint.

21   84.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23   Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny any

24   wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26   85.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

27   used in accordance with their FDA-approved prescribing information.  Defendants state that the

28   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of the Complaint.

86. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    90.     Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he

3    mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily

4    through inhibition of cyclooxygenase-2 (COX-2).   At therapeutic plasma concentrations in

5    humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."   Defendants state that

6    Bextra® was and is safe and effective when used in accordance with its FDA-approved

7    prescribing information.   Plaintiffs do not allege that Plaintiffs or Decedent used Celebrex® in

8    this Complaint.   Nevertheless, Defendants state that Celebrex® was and is safe and effective

9    when used in accordance with its FDA-approved prescribing information.   Defendants state that

10   Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

11   Complaint regarding Vioxx®, aspirin, and ibuprofen.   Defendants therefore lack knowledge or

12   information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

13   same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

14   91.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

15   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

16   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

17   arthritis, as well as for the treatment of primary dysmenorrhea.   Defendants admit that, during

18   certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

19   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20   accordance with their approval by the FDA.   Defendants admit that, during certain periods of

21   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

22   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

23   providers who are by law authorized to prescribe drugs in accordance with their approval by the

24   FDA.   Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.   Defendants deny the remaining allegations in

26   this paragraph of the Complaint.

27   92.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

28   steroidal anti-inflammatory drugs ("NSAIDS").   Defendants state that, as stated in the FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

2    prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

3    therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

4    (COX-1)." Defendants deny the remaining allegations in this paragraph of the Complaint.

5    93.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10    the Complaint.

11    94.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

12    used in accordance with their FDA-approved prescribing information.  Defendants state that the

13    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16    remaining allegations in this paragraph of the Complaint.

17    95.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

19    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

20    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

21    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

22    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

23    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

24    effective when used in accordance with its FDA-approved prescribing information.  Defendants

25    state that the potential effects of Bextra® was and is adequately described in its FDA-approved

26    prescribing information, which was at all times adequate and comported with applicable

27    standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

28    Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    96.    Defendants state that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Bextra® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    97.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   98.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   99.    Defendants state that the referenced studies speak for themselves and respectfully refer

20   the Court to the studies for their actual language and text.  Any attempt to characterize the

21   studies is denied.  Defendants state that Bextra® was and is safe and effective when used in

22   accordance with its FDA-approved prescribing information.  Defendants state that the potential

23   effects of Bextra® were and are adequately described in its FDA-approved prescribing

24   information, which was at all times adequate and comported with applicable standards of care

25   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26   paragraph of the Complaint.

27   100.   Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra®, and, therefore, deny the same.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

## **Response to First Cause of Action: Negligence**

103.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

104.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

107.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

113.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-

1   applicable standards of care and law. Defendants deny the remaining allegations in this

2   paragraph of the Complaint.

3   116.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4   used in accordance with their FDA-approved prescribing information. Defendants state that the

5   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law. Defendants deny that Bextra® or Celebrex® is defective

8   or unreasonably dangerous and deny the remaining allegations in this paragraph of the

9   Complaint.

10  117.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

11  used in accordance with their FDA-approved prescribing information. Defendants state that the

12  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law. Defendants deny that Bextra® and Celebrex® are

15  defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the

16  Complaint, including all subparts.

17  118.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19  Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that

20  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

21  FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

22  and Celebrex® were and are adequately described in their FDA-approved prescribing

23  information, which was at all times adequate and comported with applicable standards of care

24  and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

25  defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and

26  deny the remaining allegations in this paragraph of the Complaint.

27  119.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28  used in accordance with their FDA-approved prescribing information. Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

4   Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

5   the Complaint.

6   120.     Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

8   Decedent used Bextra® and Celebrex®, and, therefore, deny the same.   Defendants state that

9   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

10   FDA-approved prescribing information.   Defendants state that the potential effects of Bextra®

11   and Celebrex® were and are adequately described in their FDA-approved prescribing

12   information, which was at all times adequate and comported with applicable standards of care

13   and law.   Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

14   defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and

15   deny the remaining allegations in this paragraph of the Complaint.

16   121.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information.   Defendants state that the

18   potential effects of Celebrex® were and are adequately described in their FDA-approved

19   prescribing information, which was at all times adequate and comported with applicable

20   standards of care and law.   Defendants deny any wrongful conduct and deny the remaining

21   allegations in this paragraph of the Complaint.

22   122.     Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24   Decedent used Bextra® and Celebrex®, and, therefore, deny the same.   Defendants state that

25   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

26   FDA-approved prescribing information.   Defendants state that the potential effects of Bextra®

27   and Celebrex® were and are adequately described in their FDA-approved prescribing

28   information, which was at all times adequate and comported with applicable standards of care

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

2    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

3    the Complaint.

4    123.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

5    used in accordance with their FDA-approved prescribing information. Defendants state that the

6    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

9    remaining allegations in this paragraph of the Complaint.

10    124.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

12    Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that

13    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

14    FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

15    and Celebrex® were and are adequately described in their FDA-approved prescribing

16    information, which was at all times adequate and comported with applicable standards of care

17    and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

18    paragraph of the Complaint.

19    125.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

20    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

21    the Complaint.

22    126.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

23    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

24    the Complaint.

25    127.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

26    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

27    the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Third Cause of Action: Breach of Express Warranty**

128.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

1    133.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

2    used in accordance with their FDA-approved prescribing information.  Defendants state that the

3    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    134.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

9    Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

10   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   and Celebrex® were and are adequately described in their FDA-approved prescribing

13   information, which was at all times adequate and comported with applicable standards of care

14   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   135.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

18   providers who are by law authorized to prescribe drugs in accordance with their approval by the

19   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

20   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

21   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

22   providers who are by law authorized to prescribe drugs in accordance with their approval by the

23   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24   136.    Defendants admit that they provided FDA-approved prescribing information regarding

25   Bextra® and Celebrex®.  Defendants deny any wrongful conduct and deny the remaining

26   allegations in this paragraph of the Complaint.

27   137.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28   used in accordance with their FDA-approved prescribing information.  Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-
2  approved prescribing information, which was at all times adequate and comported with
3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
4  remaining allegations in this paragraph of the Complaint.

5  138.    Defendants state that Bextra® and Celebrex® were and are safe and effective when
6  used in accordance with their FDA-approved prescribing information.  Defendants state that the
7  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-
8  approved prescribing information, which was at all times adequate and comported with
9  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
10  remaining allegations in this paragraph of the Complaint.

11  139.    Defendants are without knowledge or information sufficient to form a belief as to the
12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and
13  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that
14  the potential effects of Bextra® and Celebrex® were and are adequately described in their
15  FDA-approved prescribing information, which was at all times adequate and comported with
16  applicable standards of care and law.  Defendants admit that they provided FDA-approved
17  prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining
18  allegations in this paragraph of the Complaint.

19  140.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused
20  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of
21  the Complaint.

22  141.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused
23  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of
24  the Complaint.

25  142.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused
26  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of
27  the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Response to Fourth Cause of Action: Breach of Implied Warranty**

143.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

144.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.    To the extent that a response is deemed required, Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing

2  information, which was at all times adequate and comported with applicable standards of care

3  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

4  paragraph of the Complaint.

5  148.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

8  Celebrex® is a prescription medication which is approved by the FDA for the following

9  indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

10  and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

11  (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

12  colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

13  endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

14  spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

15  patients two years of age and older.  Defendants admit, as indicated in the package insert

16  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

17  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

18  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  149.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

21  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

22  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

23  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24  and Celebrex® were and are adequately described in their FDA-approved prescribing

25  information, which was at all times adequate and comported with applicable standards of care

26  and law.    Defendants admit that they provided FDA-approved prescribing information

27  regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

155.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

156.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which no response is required.  To the extent that a response is deemed required, Defendants

2    admit that they had duties as are imposed by law but deny having breached such duties.

3    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

4    accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    157.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10    used in accordance with their FDA-approved prescribing information.  Defendants state that the

11    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12    approved prescribing information, which was at all times adequate and comported with

13    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14    remaining allegations in this paragraph of the Complaint.

15    158.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16    used in accordance with their FDA-approved prescribing information.  Defendants state that the

17    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18    approved prescribing information, which was at all times adequate and comported with

19    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20    remaining allegations in this paragraph of the Complaint.

21    159.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

22    used in accordance with their FDA-approved prescribing information.  Defendants state that the

23    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26    remaining allegations in this paragraph of the Complaint.

27    160.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28    used in accordance with their FDA-approved prescribing information.  Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4   remaining allegations in this paragraph of the Complaint.

5   161.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7   Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

8   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

9   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10  and Celebrex® were and are adequately described in their FDA-approved prescribing

11  information, which was at all times adequate and comported with applicable standards of care

12  and law.    Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® is

13  defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

14  the Complaint.

15  162.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16  used in accordance with their FDA-approved prescribing information.  Defendants state that the

17  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  163.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23  Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

24  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

25  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26  and Celebrex® were and are adequately described in their FDA-approved prescribing

27  information, which was at all times adequate and comported with applicable standards of care

28  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    164.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

4    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

5    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

6    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7    and Celebrex® were and are adequately described in their FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

10    paragraph of the Complaint.

11    165.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

14    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

15    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

16    and Celebrex® were and are adequately described in their FDA-approved prescribing

17    information, which was at all times adequate and comported with applicable standards of care

18    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19    paragraph of the Complaint.

20    166.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

23    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

24    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

25    and Celebrex® were and are adequately described in their FDA-approved prescribing

26    information, which was at all times adequate and comported with applicable standards of care

27    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28    paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

167.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Sixth Cause of Action: Unjust Enrichment**

2    172.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    173.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

6    providers who are by law authorized to prescribe drugs in accordance with their approval by the

7    FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

8    manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

9    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

10    providers who are by law authorized to prescribe drugs in accordance with their approval by the

11    FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12    174.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

14    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

15    remaining allegations in this paragraph of the Complaint.

16    175.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

19    remaining allegations in this paragraph of the Complaint.

20    176.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

23    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

24    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

25    and Celebrex® were and are adequately described in their FDA-approved prescribing

26    information, which was at all times adequate and comported with applicable standards of care

27    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28    paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

177.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

178.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action:

### Violations of State Consumer Fraud and Deceptive Trade Practices Acts

179.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

180.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

181.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

182.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

184.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

185.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-46-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    186.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

2    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

3    the Complaint.

4    187.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

5    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

6    the Complaint.

7    188.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

8    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

9    the Complaint.

10    189.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

11    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

12    the Complaint.

13    190.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

14    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

15    the Complaint.

16    **Response to Eighth Cause of Action: Wrongful Death**

17    191.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

18    Complaint as if fully set forth herein.

19    192.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

21    Decedent used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct,

22    deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

23    remaining allegations in this paragraph of the Complaint.

24    193.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations in this paragraph of the Complaint the relationship of the named

26    individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and

27    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

28    prescribing information.  Defendants state that the potential effects of Celebrex® were and are

1    adequately described in their FDA-approved prescribing information, which was at all times

2    adequate and comported with applicable standards of care and law.  Defendants deny any

3    wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    194.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

6    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

7    the Complaint.

8    ### Response to Prayer For Relief

9        Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in paragraph of the

11   Complaint headed "Prayer for Relief," including all subparts.

12   ### III.

13   ### GENERAL DENIAL

14       Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

15   Complaint that have not been previously admitted, denied, or explained.

16   ### IV.

17   ### AFFIRMATIVE DEFENSES

18       Defendants reserve the right to rely upon any of the following or additional defenses to

19   claims asserted by Plaintiffs to the extent that such defenses are supported by information

20   developed through discovery or evidence at trial.  Defendants affirmatively show that:

21   ### First Defense

22   1.      The Complaint fails to state a claim upon which relief can be granted.

23   ### Second Defense

24   2.      Bextra® and Celebrex® are prescription medical products.  The federal government

25   has preempted the field of law applicable to the labeling and warning of prescription medical

26   products.  Defendants' labeling and warning of Bextra® and Celebrex® was at all times in

27   compliance with applicable federal law.  Plaintiffs' causes of action against Defendants,

28   therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drugs in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Tenth Defense**

2    10.    Any injuries or expenses incurred by Plaintiffs and Decedent were not caused by

3    Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic

4    reaction, operation of nature, or act of God.

5

**Eleventh Defense**

6    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs and

7    Decedent.

8

**Twelfth Defense**

9    12.    A manufacturer has no duty to warn patients or the general public of any risk,

10    contraindication, or adverse effect associated with the use of a prescription medical product.

11    Rather, the law requires that all such warnings and appropriate information be given to the

12    prescribing physician and the medical profession, which act as a "learned intermediary" in

13    determining the use of the product.  Bextra® and Celebrex® are prescription medical products,

14    available only on the order of a licensed physician.  Bextra® and Celebrex® provided adequate

15    warnings to Plaintiffs' and Decedent's treating and prescribing physicians.

16

**Thirteenth Defense**

17    13.    The products at issue were not in a defective condition or unreasonably dangerous at

18    the time they left the control of the manufacturer or seller.

19

**Fourteenth Defense**

20    14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe

21    and reasonably fit for their intended use and the warnings and instructions accompanying

22    Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were

23    legally adequate for their approved usages.

24

**Fifteenth Defense**

25    15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

26    Bextra® and Celebrex® allegedly ingested by Plaintiffs and Decedent were prepared in

27    accordance with the applicable standard of care.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixteenth Defense**

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the products Bextra® and Celebrex® after the products left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Bextra® and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical products at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical products referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

1   jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at

2   issue under applicable federal laws, regulations, and rules.

3   **Twenty-fourth Defense**

4   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

5   action concerning matters regulated by the Food and Drug Administration under applicable

6   federal laws, regulations, and rules.

7   **Twenty-fifth Defense**

8   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

9   "direction or warnings" as to the use of the subject pharmaceutical products within the meaning

10  of Comment j to Section 402A of the Restatement (Second) of Torts.

11  **Twenty-sixth Defense**

12  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

13  because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

14  ambit of Restatement (Second) of Torts § 402A, Comment k.

15  **Twenty-seventh Defense**

16  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

17  products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

18  f to § 6 of the Restatement (Third) of Torts: Products Liability.

19  **Twenty-eighth Defense**

20  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

21  Products Liability.

22  **Twenty-ninth Defense**

23  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

24  plead facts sufficient under the law to justify an award of punitive damages.

25  **Thirtieth Defense**

26  30.    Defendants affirmatively aver that the imposition of punitive damages in this case

27  would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

28  the United States Constitution and the Constitutions of the States of Hawaii, West Virginia,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and California, and would additionally violate Defendants' rights to substantive due process

2   under the Fourteenth Amendment of the United States Constitution.

3   **Thirty-first Defense**

4   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

5   Fourteenth Amendments to the United States Constitution.

6   **Thirty-second Defense**

7   32.    The imposition of punitive damages in this case would violate the First Amendment to

8   the United States Constitution.

9   **Thirty-third Defense**

10  33.    Plaintiffs' punitive damage claims are preempted by federal law.

11  **Thirty-fourth Defense**

12  34.    In the event that reliance was placed upon Defendants' nonconformance to an express

13  representation, this action is barred as there was no reliance upon representations, if any, of

14  Defendants.

15  **Thirty-fifth Defense**

16  35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged

17  nonconformance to any express representation.

18  **Thirty-sixth Defense**

19  36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

20  proof of causation, the claims violate Defendants' rights under the United States Constitution.

21  **Thirty-seventh Defense**

22  37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any,

23  and labeling with respect to the subject pharmaceutical products were not false or misleading

24  and, therefore, constitute protected commercial speech under the applicable provisions of the

25  United States Constitution.

26  **Thirty-eighth Defense**

27  38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

28  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-2036-CRB

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States Hawaii, West Virginia, and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® and Celebrex® were designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for which they were intended, and were distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® did not proximately cause injuries or damages to Plaintiffs and Decedent.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the products complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs and Decedent would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedent.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra® and Celebrex®.  Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs or Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Fifty-eighth Defense

58.     If West Virginia courts were to adopt Section 402A of the Restatement (Second) of Torts, Plaintiffs' claims would be barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical products within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Fifty-ninth Defense

59.     If West Virginia courts were to adopt Section 402A of the Restatement (Second) of Torts, Plaintiffs' claims would be barred or limited to a product liability failure to warn claim because Celebrex® and Bextra® are prescription pharmaceutical drugs and fall within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Sixtieth Defense

60.     Defendants specifically plead as to any breach of warranty claim all defenses under the Uniform Commercial Code, as enacted in the State of West Virginia, as existing and to the extent the same may arise in the future.

### Sixty-first Defense

61.     Defendants assert all defenses as set forth and as envisioned by the common law of West Virginia for product liability matters.

### Sixty-second Defense

62.     Plaintiffs' claims for punitive damages may be barred because an award of punitive damages under the common law and public policies of West Virginia by a jury would be improper where the jury: 1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damage award; 2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; 3) is not expressively prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and status of Defendants; 4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and

1    arbitrary and does not define with sufficient clarity, the conduct or mental state that makes

2    punitive damages permissible; and 5) is not properly instructed regarding Plaintiffs' burden of

3    proof with respect to each and every element of a claim for punitive damages.

4                                   **Sixty-third Defense**

5    63.       While Defendants deny that they are liable for any punitive damages in this case,

6    Plaintiffs' claims for punitive damages cannot be sustained because any award of punitive

7    damages under West Virginia law, which is penal in nature, without according to Defendants

8    the same protections that are accorded to criminal defendants, including the protection against

9    unreasonable searches and seizures, self-incrimination, and the right to confront adverse

10   witnesses, a speedy trial, and the effective assistance of counsel, would violate Defendants'

11   rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the

12   Fourteenth Amendment to the United States Constitution and Article III, Sections 4, 5, 6 and 10

13   of the West Virginia Constitution, and would be improper under the common law and public

14   policies of the State of West Virginia.

15                                  **Sixty-fourth Defense**

16   64.       Plaintiffs' claims for punitive damages violate, and are therefore barred by, the

17   provisions of the Constitution of the State of West Virginia including, but not limited to, Article

18   3, §§ 4, 5, 6 and 10 on grounds including the following:

19          a.       it is a violation of the Due Process and Equal Protection Clauses to impose

20                   punitive damages against civil Defendants upon Plaintiffs' satisfaction of a

21                   burden of proof less than that required in criminal cases;

22          b.       the procedures, pursuant to which punitive damages may be awarded, fail to

23                   provide a reasonable or substantive limit on the amount of the award against

24                   Defendants;

25          c.       the procedures, pursuant to which punitive damages may be awarded, fail to

26                   provide specific standards for the amount of the award against Defendants;

27          d.       the procedures, pursuant to which punitive damages may be awarded, result in

28                   the imposition of different penalties for the same or similar acts;

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

e.  the procedures, pursuant to which punitive damages may be awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

f.  the procedures, pursuant to which punitive damages may be awarded, permit the imposition of excessive fines;

g.  an award of punitive damages to Plaintiffs in this action would result in the deprivation of property without due process of law;

h.  the procedures, pursuant to which punitive damages may be awarded, are subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, thus providing no protection against multiple awards for the same course of conduct;

i.  the standards for determining liability for punitive damages failed to give Defendants prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Defendants' due process rights; and

j.  Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under West Virginia law which allows Plaintiffs to prejudicially emphasize the corporate status of Defendants violates Defendants' due process and equal protection rights.

**Sixty-fifth Defense**

65.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    3.    That Defendants be awarded their costs for this lawsuit;

2    4.    That the trier of fact determine what percentage of the combined fault or other liability

3          of all persons whose fault or other liability proximately caused Plaintiffs' and

4          Decedent's alleged injuries, losses or damages is attributable to each person;

5    5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

6          than an amount which equals their proportionate share, if any, of the total fault or other

7          liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

8    6.    That Defendants have such other and further relief as the Court deems appropriate.

9

10   May 15, 2008                          GORDON & REES LLP

11

12                                         By:_____

13                                              Stuart M. Gordon
                                                sgordon@gordonrees.com
14                                              Embarcadero Center West
                                                275 Battery Street, 20th Floor
15                                              San Francisco, CA 94111
                                                Telephone:  (415) 986-5900
16                                              Fax:  (415) 986-8054

17   May 15, 2008                          TUCKER ELLIS & WEST LLP

18

19                                         By:_____

20                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
21                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
22                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409
23

24                                              Attorneys for Defendants
                                                PFIZER INC., PHARMACIA
25                                              CORPORATION, and G.D. SEARLE
                                                LLC

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-2036-CRB

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1

**JURY DEMAND**

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 15, 2008                                    GORDON & REES LLP

6

7                                                   By:_____

8                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
9                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
10                                                       San Francisco, CA  94111
                                                         Telephone:  (415) 986-5900
11                                                       Fax:  (415) 986-8054

12  May 15, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                  By: :_____/s/_____

15                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
16                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA 90071
17                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409

18                                                       Attorneys for Defendants
                                                         PFIZER INC., PHARMACIA
19                                                       CORPORATION, and G.D. SEARLE
                                                         LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111